UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>E.F. CASTRILLO, et al.,<br><br>Defendants. | No. 2:19-cv-0248 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On March 28, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

/////

1

construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As plaintiff was informed when the court screened his original complaint, in order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In his amended complaint, as in his original, plaintiff complains about the deprivation of personal property. Plaintiff alleges his property was taken unlawfully, but does not point to facts indicating why the deprivation was unlawful. Plaintiff asserts his property was taken in retaliation for something, but does not identify what had happened to cause the alleged retaliation. Plaintiff does not even indicate how his property was taken, the reasons given for the deprivation, nor does he specify who took his property. For these reasons, plaintiff's claims are too vague and conclusory to state a claim upon relief could be granted.

Further, when the court screened plaintiff's original complaint, plaintiff was informed:

> Generally speaking, "an unauthorized intentional deprivation of property by a state employee" does not, by itself, amount to a violation of federal law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

Plaintiff does not allege, or point to facts suggesting, his property deprivation was "carried out pursuant to established state procedures," etc.

For these reasons, plaintiff again fails to state a claim upon which relief can be granted with respect to deprivation of personal property. Considering the guidance given to plaintiff following the dismissal of his original complaint as to the contents of the amended complaint, granting plaintiff leave to amend a second time appears futile.

/////

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that;

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow0248.fnrs